# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| MICHAEL CHAMP, Plaintiff, | : : : : | |
| v. | : : | No. 5:20-cv-01238 |
| USAA CASUALTY INSURANCE COMPANY, Defendant. | : : : : : | |

## **O P I N I O N**
### Defendant's Partial Motion to Dismiss, ECF No. 5 — Granted
### Defendant's Motion to Strike, ECF No. 5 — Denied

**Joseph F. Leeson, Jr.**                                                                               **April 7, 2020**
**United States District Judge**

## I.     INTRODUCTION

Defendant USAA Casualty Insurance Company brings this partial motion to dismiss and motion to strike Plaintiff Michael Champ's two-count complaint. The complaint alleges a breach of contract and insurance bad faith for conduct in the aftermath of an automobile accident. USAA seeks to strike paragraphs 15 through 18 of Champ's breach of contract claim in the complaint, dismiss Champ's insurance bad faith claim, and dismiss Champ's request for attorney's fees in his breach of contract claim. For the following reasons, the Courts grants USAA's partial motion to dismiss and denies USAA's motion to strike.

## II.     BACKGROUND

Champ's complaint alleges the following facts:

Champ was involved in an automobile accident in Springettsbury Township on October 25, 2016, in which he was rear-ended by another driver who was underinsured. *See* ECF 5, Ex.

A, ¶¶ 4, 5. As a result of the accident, Champ suffered injuries to his back which have caused him pain and suffering. *Id*. at ¶ 9. Champ alleges he has also incurred medical expenses, future medical expenses, loss of earnings, and impairment of future wages. *Id*. at ¶¶ 9, 12.

At the time of the accident, Champ maintained insurance with USAA which contained an underinsured endorsement with policy limits of $50,000/$100,000. *Id*. at ¶ 7. After the accident, Champ submitted an underinsured motorist claim to USAA. *Id*. at ¶ 14. Champ alleges the underinsured motorist claim creates a contractual obligation to compensate him for his injuries and that USAA has failed to do so. *Id*. at ¶ 16. He further alleges USAA has refused to settle his claim and provide a reasonable estimate of his damages. *Id*. at ¶ 15. Due to these allegations of bad faith, Champ filed a two-count complaint in the Philadelphia County Court of Common Pleas on February 7, 2020 alleging a breach of contract and insurance bad faith. *Id*. Pertinent to this motion, Champ's breach of contract claim alleges the following:

> 15. Defendant has refused to settle Plaintiff's valid claim with a reasonable estimate of Plaintiff's injuries and damages, in violation of its contractual and statutory obligations.
>
> 16. Defendant has a contractual obligation to compensate Plaintiff for his damages, which they have breached.
>
> 17. Plaintiff demands that the Defendant make payment to compensate Plaintiff pursuant to its Uninsured Motorist Vehicle Policy, which is a valid claim, an obligation that Defendant has not met.
>
> 18. Accordingly, Plaintiff seek recovery under the terms of the policy with Defendant, together with all other statutory damages as is legally appropriate under 42 Pa. Cons. Stat. ¶ 8371, including reasonable attorney's fees, costs, and interest.

*Id*. at ¶¶ 15, 16, 17, 18.

USAA removed the complaint to this Court. *See* ECF No. 1. Then, USAA filed this partial motion to dismiss and motion to strike. *See* ECF No. 5.

**III. LEGAL STANDARDS**

**A. 12(b)(6) Motion to Dismiss Standard.**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B. 12(f) Motion to Strike Standard**

USAA seeks to dismiss paragraphs 15 through 18 of Champ's complaint. That request is more properly viewed as a motion to strike, under Fed. R. Civ. P. 12(f), rather than a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and the Court will treat it accordingly. *Fisher v. Borough*

*of Doylestown*, No. 02–4007, 2003 WL 22134790, at *5 n. 5 (E.D. Pa. May 30, 2003); *see Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05–897, 2006 WL 2583275, at *2 (D.N.J. Sep. 5, 2006) (concluding court should not deny an otherwise proper motion merely because a party has styled it inaccurately). Motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 527–28 (E.D. Pa. 2013) (quotation omitted).

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." *Lee v. Eddystone Fire & Ambulance*, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quotation omitted). "[S]triking a pleading or a portion of a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Lee v. Dubose Nat'l Energy Servs., Inc.*, No. 18-cv-2504, 2019 WL 1897164, at *4 (E.D. Pa. Apr. 29, 2019) (same). Thus, "[m]otions to strike are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Eddystone Fire*, 2019 WL 6038535 at *3 (same).

C. **Insurance Bad Faith**

In Pennsylvania, an insured can bring a bad faith claim against his or her insurer under 42 Pa. C.S.A. § 8371. Although the statute does not define the term "bad faith," Pennsylvania courts have defined bad faith in this context as "[a] frivolous or unfounded refusal to pay proceeds of a

4
040620

policy . . . a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). To recover on a bad faith claim, the insured must prove through clear and convincing evidence "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." *Id.* (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)); *see Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Babayan*, 430 F.3d at 137 (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). Instead, "[t]he insured must ultimately show that 'the insurer breached its duty of good faith through some motive of self-interest or ill will.'" *Id.* (quoting *Brown*, 860 A.2d at 501). Moreover, "bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive Inc. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1142-43 (Pa. Super. Ct. 2006)).

Bad faith claims are quite fact specific and turn on the insurer's conduct toward the insured. *Dougherty v. Allstate Prop. & Cas. Ins. Co.*, 185 F. Supp. 3d 585, 598 (E.D. Pa. 2016) (citing *Condio*, 899 A.2d at 1143). To survive a motion to dismiss, "a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming the district court's dismissal of an insurance bad faith claim that plead only "broad and conclusory statements")). Rather than

merely alleging that "an insurer acted unfairly," a plaintiff "instead must describe with specificity what was unfair." *Id.* (citing *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010)).

## IV. ANALYSIS

### A. USAA's Motion to Strike

USAA seeks to strike paragraphs 15 through 18 of Champ's breach of contract claim in Count One. However, as discussed previously, the Court construes this motion to dismiss as a motion to strike. USAA seeks to strike the following paragraphs from the complaint:

> 15. Defendant has refused to settle Plaintiff's valid claim with a reasonable estimate of Plaintiff's injuries and damages, in violation of its contractual and statutory obligations.
>
> 16. Defendant has a contractual obligation to compensate Plaintiff for his damages, which they have breached.
>
> 17. Plaintiff demands that the Defendant make payment to compensate Plaintiff pursuant to its Uninsured Motorist Vehicle Policy, which is a valid claim, an obligation that Defendant has not met.
>
> 18. Accordingly, Plaintiff seek recovery under the terms of the policy with Defendant, together with all other statutory damages as is legally appropriate under 42 Pa. Cons. Stat. ¶ 8371, including reasonable attorney's fees, costs, and interests.

*Id.* at ¶¶ 15, 16, 17, 18.

Upon review, these paragraphs are neither immaterial, impertinent, or scandalous. These paragraphs do pertain to the matter, the allegations of bad faith and breach of contract on the part of USAA. Thus, these paragraphs are related to the controversy. While these paragraphs are insufficient factually, a motion to strike is a different analysis than for failure to state a claim. Given the drastic nature of a motion to strike, USAA's motion to strike these paragraphs is

denied as there is no prejudice to the paragraphs remaining in the complaint and the paragraphs are related to the controversy.

### B. USAA's Motion to Dismiss Champ's Bad Faith Claim

USAA seeks to dismiss Champ's bad faith claim, Count Two, in the complaint. Champ's bad faith claim incorporates the paragraphs preceding it.

Courts in this Circuit have consistently dismissed bad faith claims where the complaint lacks factual allegations of bad faith conduct and instead contains only conclusory allegations. For example, in *Smith v. State Farm Mut. Auto. Ins. Co.*, the Third Circuit held that a complaint alleging bad faith under 42 Pa. C.S.A. § 8371 was legally insufficient because it did not contain any explanations or descriptions of the alleged bad faith conduct. 506 F. App'x at 136-37. The plaintiff in *Smith* alleged that the defendant insurer had "engaged in unfair settlement negotiations," "misrepresented facts" about the plaintiff's insurance policy, and "failed to properly investigate" the plaintiff's underinsured motorist claim. *Id*. (quotations omitted). In upholding the trial court's dismissal of the bad faith claim, the Third Circuit explained that while the complaint was "replete with broad and conclusory statements" of bad faith conduct, those statements were unsupported by any factual allegations. *Id*. at 136. The Court noted that the complaint did not explain how the negotiations were unfair, did not describe what misrepresentations were actually made by the defendant, and did not provide any details as to how the defendant failed to properly investigate the claim. *Id*. at 136-37. The plaintiff's complaint therefore failed to allege a legally sufficient cause of action for bad faith. *Id*.; *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288, at *4-5 (E.D. Pa. May 28, 2015) (summarizing the relevant case law and holding that a list of conclusory allegations of bad faith unsupported by specific facts does not allow for a plausible inference of

bad faith); *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 17-7367, 2015 WL 1072968, at *2-4, (E.D. Pa. March 11, 2015) (same).

Here, Champ failed to provide sufficient factual allegations of USAA's bad faith. Rather, he provided conclusory remarks in which the Court cannot deduce bad faith. Champ provides no facts in his bad faith claim, and incorporates the paragraphs from his breach of contract claim to support his bad faith claim. Nonetheless, these paragraphs are insufficient to survive dismissal. Champ failed to provide factual detail to support his conclusory allegations. In construing the complaint in a light most favorable to Champ, the Court cannot determine specific factual allegations from these paragraphs.

Champ's conduct is similar to the plaintiff in *Smith*. In *Smith* the plaintiff presented conclusory allegations without factual detail. Champ has also asserted conclusory allegations without factual detail. Champ must describe, with specifics, how USAA acted in bad faith. Thus, Champ's conclusory allegations are contrary to Third Circuit precedent. Accordingly, his bad faith claim is dismissed without prejudice to permit Champ to amend his complaint.

**C. USAA's Motion to Dismiss Champ's Claim for Attorney's Fees**

USAA moves to dismiss Champ's request for attorney's fees in Count One because they are not bargained for in the contract.

Under the "American Rule," parties are ordinarily responsible for their own attorneys' fees, regardless of the outcome. *See generally Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The Supreme Court of Pennsylvania has "consistently followed" this rule. *Merlino v. Delaware County*, 728 A.2d 949, 951 (Pa. 1999). "[T]here can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear

agreement by the parties or some other established exception." *Id*. (citing *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 842 (Pa. 1975)).

The Court has analyzed the relevant insurance contract, *see* ECF No. 6, and there is no provision for attorney's fees in the contract. Accordingly, Champ cannot seek attorney's fees in Count One. The request for attorney's fees is dismissed with prejudice as amendment would be futile. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) (explaining an amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted).

## V. Conclusion

For the reasons stated above, USAA's partial motion to dismiss to granted and its motion to strike is denied. Champ shall have thirty days to amend his complaint as to his bad faith claim.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge